Elizabeth Rybarczyk, Conservatrix, Defendant in Error, v. Andrew Rybarczyk, Plaintiff in Error.

Gen. No. 19,087. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed November 25, 1914.

## Statement of the Case.

Suit by Elizabeth Rybarczyk, as conservatrix of Frank Rybarczyk, who had been adjudged insane, against Andrew Rybarczyk to recover various amounts

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of money alleged to have been obtained by defendant from Frank, his brother, and to have been appropriated to his own use. There was a trial before the court without a jury and judgment for eighteen hundred and eighty dollars was rendered in favor of the plaintiff, whereupon defendant brought error.

Stahl & LeWald, for plaintiff in error.

William Slack, for defendant in error.

Mr. Justice Duncan delivered the opinion of the court.

## Abstract of the Decision.

1. Witnesses, § 21*—*when witness is competent.* The standard of intelligence that a witness should be gauged by, as well as all other questions of competency of that nature, are matters for the discretion of the trial court.

2. Witnesses, § 22*—*when witness is competent though previously incapacitated.* Evidence that the mind of a witness is not so far enfeebled to prevent an intelligent appreciation of his responsibility as a witness and a fair recollection and understanding of the matters about which he testifies will sustain the admission of his testimony, although the record may show that a conservator had been previously appointed on the ground that he was of feeble mind, not capable of transacting business, where it is not shown that his mental impairment was permanent.

3. Trover and conversion, § 39*—*what evidence will warrant relief.* Where a conservatrix was appointed for a victim of alcoholic insanity, and brought an action against the brother of the victim to recover various sums of money alleged to have been obtained by such brother and appropriated to his own use, evidence of the insane person was admissible, where it appeared that he had been discharged from the insane hospital to which he was sent, that he testified intelligently and undertood the nature of the oath he took, and the defendant did not insist on a more thorough examination as to his appreciation of the oath, and since the evidence of such insane person was corroborated by other evidence showing that the defendant had obtained large sums of money at the time

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in question, a judgment against him was proper, especially since the defendant did not explain how he obtained the money.

4. APPEAL AND ERROR, § 1021*—*when judgment may not be attacked on appeal.* A plaintiff in error is in no position to complain of a judgment against him for insufficiency of evidence, where no motion for a new trial or exceptions to the overruling of the same appears in the bill of exceptions, nor any exception to the judgment, and the affidavits in support of a new trial are not made part of the bill of exceptions but are simply attached to the common-law record and not certified by the trial judge as part of the record or bill of exceptions.

5. APPEAL AND ERROR, § 782*—*how rulings of trial court may be reviewed.* Section 81 of the Practice Act, J. & A. ¶ 8618, prescribes two methods of review of the rulings of the trial court, one by stenographic report of the trial and the other by bill of exceptions, and if the latter method is employed the former rules of law in regard thereto govern, except where specifically changed by the 1911 amendment.

6. NEW TRIAL, § 68*—*when warranted.* A new trial is not warranted on the ground of newly-discovered evidence where the affidavits show merely forgotten evidence which is cumulative and where no proper diligence in securing such evidence is shown.